## Knox vs. Leidgen and another.

Tax Sales *in Milwaukee: Separate sales by city and county treasurers, in same year — Rights of the respective purchasers. — Title fraudulently acquired by agent of original owner ; who may set up the fraud.*

1. Under the charter of the city of Milwaukee, where a parcel of land is sold by both the county and the city treasurer, by separate sales in the same year, for delinquent taxes, the purchaser at the prior sale may redeem from the second ; but after his failure to redeem, a deed upon the second sale conveys the paramount title.

2. If the agent of the original owner, being furnished by him with money to redeem from the second of the two sales, fraudulently takes an assignment of the certificate and has the deed issued to himself, *quære* whether the purchaser at the prior sale can in any case set up such fraud against a party claiming under the second sale, or whether this can be done only by the owner and those in privity with him.

3. But such fraud cannot be set up to defeat the title of the party claiming under the second sale, being a subsequent purchaser for value, unless knowledge of it at the time of his purchase is brought home to him.

APPEAL from the Circuit Court for *Milwaukee* County.

Ejectment. The jury, by direction of the court, found for the defendants; and the plaintiff appealed from the judgment. The case is stated in the opinion.

*Stark & McMullen*, for appellant.

*Palmer, Hooker & Pitkin*, for respondents.

DIXON, C. J. It is already settled by the decisions of this court, that a valid sale and conveyance of land for taxes under a junior assessment cuts off all prior titles and liens. The more particular question here presented is, where land situated in the city of Milwaukee was sold both by the county treasurer and the city treasurer, to different purchasers, for the non-payment of taxes levied and extended in the same assessment roll and for the same year, whether the title of the last purchaser shall prevail over that of the first. The plaintiff claims title upon a sale by the city treasurer January 28, 1861; the defendants on a sale by the county treasurer May 15, 1861 — both for the taxes of the same year. The purchase under which the defendants claim was last in point of time. This question is settled by the charter of the city of Milwaukee. Section 25, chapter 8, of the charter, provides: " When there shall be a sale by the county treasurer and by the city treasurer of any piece or parcel of land for taxes, in the same year, the purchaser of such piece or parcel who may be first in point of time may redeem the

same from the subsequent purchaser; and, in case he shall not redeem, the right of the last purchaser shall be held paramount, in case of the execution of any tax deed therefor." The title under which the defendants hold possession is, therefore, superior to that claimed by the plaintiff.

The next question is, whether the court erred in rejecting the evidence offered by the plaintiff for the purpose of showing that the lot had been redeemed by the payment of the taxes, interest, and charges for which it was sold by the county treasurer. The plaintiff attempted to show this by offering proof that the agent of the original owner of the lot had received money from the owner for the purpose of redeeming, which money he had fraudulently appropriated to the purchase of the certificate of sale, and then caused the deed to be issued. On the part of the defendants, it is insisted that this is a question of fraud between the owner and his agent, which the plaintiff cannot go into; that it concerns only the owner and those in privity with him, and that if the owner acquiesces, a stranger cannot object. There seems to be much force in this position; but, without deciding whether it is correct or not, we think the evidence offered was properly rejected for another reason. The plaintiff did not propose by the offer, in either of its forms — for it was made twice — to connect the present holder of the title under the tax deed with the alleged fraud of the agent. The title was passed by two intermediate conveyances, from the grantee named in the tax deed to the present holder. The conveyance to the latter purports to have been made upon a valuable consideration paid by him. The offer was to show that the grantee by the tax deed, and the person to whom he conveyed, knew of the fraud, but not that the present holder, whose tenants the defendants are, had any knowledge whatever of it at the time he purchased. It is manifest, that, without such proof, the testimony offered was wholly irrelevant; and, if received, would have been of no avail to the plaintiff.

For this reason, the evidence was properly rejected, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.